Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

William C. Rava, WSBA No. 29948
(*Pro Hac Vice* Forthcoming)
WRava@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
EVOLUTION NUTRITION, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVOLUTION NUTRITION, INC., <br><br> Plaintiff, <br><br> v. <br><br> INCLINE HEALTH, INC., and EVLUTION NUTRITION, LLC, <br><br> Defendants. | Case No. **'17CV1368 BTM KSC** <br><br> COMPLAINT FOR: <br><br> (1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114 and 1125(a)) <br> (2) CALIFORNIA STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 et seq.); AND <br> (3) CALIFORNIA TRADEMARK INFRINGEMENT (Cal. Bus. & Prof. Code § 14245) <br><br> **DEMAND FOR JURY TRIAL** |

Complaint                                                                                           Case

For its complaint, plaintiff Evolution Nutrition, Inc. ("Evolution Nutrition") alleges as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Evolution Nutrition, is a California corporation that offers online services in the health, fitness and nutrition industry from its place of business in Solana Beach, California.

2. Defendant Incline Health, Inc. ("Incline Health") is a Delaware corporation.

3. Defendant Evlution Nutrition, LLC ("Evlution") is a limited liability company with a principal place of business in Sunrise, Florida.  Upon information and belief, and in accordance with Evlution's publicly-filed Articles of Organization, Evlution is managed and controlled by Incline Health (collectively "Defendants").

4. Upon information and belief, Defendants are owned and controlled by the same individual, Michael Spinner.

5. Upon information and belief, Defendants sell health, fitness and nutrition products and supplements online and across the United States.

6. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark), 1338(b) (related unfair competition) and 1367 (supplemental jurisdiction).

7. This Court has personal jurisdiction over Defendants.  Upon information and belief, Defendants sell their products and provide services to citizens in the State of California and within the Southern District of California.  During the course of Defendants' conduct alleged in this Complaint, Defendants had knowledge of Evolution Nutrition, and upon information and belief, knowingly infringed on Evolution Nutrition's trademark.  As such, Defendants knew or reasonably should have known that their conduct alleged in this Complaint would cause injury to Evolution Nutrition in this District.

8. Venue is proper under 28 U.S.C. § 1391 in that Defendants caused and Evolution Nutrition is suffering harm in this District, and Defendants are subject to personal jurisdiction in this District.

## II. EVOLUTION NUTRITION, ITS BUSINESS, AND ITS INTELLECTUAL PROPERTY RIGHTS

9. Founded in 2009, Evolution Nutrition provides online services in the health, fitness and nutrition industry under the mark EVOLUTION NUTRITION. Evolution Nutrition offers a comprehensive, web-based tool used by personal trainers and health and fitness professionals to deliver nutrition solutions for clients. Evolution Nutrition also offers individualized meal planning, tracks nutrition and health information, and provides expert nutrient analysis and detailed nutrition management to help clients succeed at their fitness goals.

10. Evolution Nutrition has had extensive success and is well-known in the fitness industry, partnering with numerous other renowned fitness companies such as the American Council on Exercise (ACE Fitness), the Young Men's Christian Association of the USA (YMCA) and Gold's Gym International, Inc.

11. The United States Patent and Trademark Office ("USPTO") granted a federal trademark on the principal registry on or about November 1, 2011, which is owned by Evolution Nutrition. This registration is in full force and effect and enforceable. Additionally, Evolution Nutrition has a pending application for the EVOLUTION NUTRITION mark for providing online educational services and an online interactive web site related to health and nutrition, filed with the USPTO on April 20, 2017. Copies of printouts from the official USPTO trademark database showing the status of these registrations are attached hereto as Exhibit A.

12. By virtue of Evolution Nutrition's long-term, continuous use of the EVOLUTION NUTRITION mark and extensive marketing and sales of its services nationwide, Evolution Nutrition also has common law rights in its Mark.

### III.  DEFENDANTS' INFRINGING ACTIVITY

13. Defendants sell health, fitness and nutrition products and food supplements online and offer online fitness training plans.  In connection with these products and services, Defendants have utilized the marks EVOLUTION NUTRITION and EVLUTION NUTRITION ("Defendants' Infringing Marks").

14. Defendants' products and services are strongly related to Evolution Nutrition's services.  Both Parties offer their products and/or services in the health and fitness industry, and more specifically within the nutrition section of that industry.

15. The combination of Defendants occupying the same field of products and services as Evolution Nutrition and Defendants' use of Defendants' Infringing Marks has led to actual confusion among consumers and is highly likely to continue to cause such confusion.

16. On July 27, 2016, Defendants' legal counsel e-mailed Evolution Nutrition regarding a complaint that Defendants had lodged with Instagram about Evolution Nutrition.  Defendants' legal counsel noted the complaint was in regards to "instances of actual confusion between [Evolution Nutrition's] account and [Incline Health]."  Defendants' legal counsel subsequently withdrew the complaint after performing "further diligence into [Evolution Nutrition's] brand" and after being informed of Evolution Nutrition's prior registration of the EVOLUTION NUTRITION mark.

17. In addition to the confusion noted by Defendants' counsel, Evolution Nutrition has encountered various instances of actual consumer confusion.

18. Evolution Nutrition, for example, received a complaint from the Better Business Bureau intended for Defendants regarding a defective product sold by Defendants.  The consumer complained that she had received a product from Defendants which had the "freshness seal" broken and contained clumpy powder as a result.  The consumer then attempted to contact Defendants on four occasions without a response before complaining to the Better Business Bureau.  Confusion which leads

Complaint                                                3                    Case

consumers to believe that Evolution Nutrition sells defective products and then ignores consumers' complaints regarding those products is highly damaging to Evolution Nutrition's goodwill.

19. Additionally, Evolution Nutrition has received numerous questions from consumers relating to Defendants' products which they mistakenly believe are produced by Evolution Nutrition. The confusion is evident on the face of many of these questions directed to Evolution Nutrition, for instance asking about the "Evolution Nutrition LeanMode" product (as opposed to the Evlution Nutrition Lean Mode product).

20. Despite knowledge of Evolution Nutrition's Mark, and knowledge of the actual confusion caused by Defendants' Infringing Marks (as shown by the Instagram complaint and correspondence), Defendants chose to file a federal application on October 28, 2016 to register the identical EVOLUTION NUTRITION mark in connection with dietary and nutritional products. Attached as Exhibit B.

21. Defendants filing of this application and continued use of Defendants' Infringing Marks is evidence of Defendants' willful infringement of Evolution Nutrition's Mark.

22. Evolution Nutrition demanded that Defendants cease their infringing activity, but Defendants have refused.

## IV.   COUNT ONE
*Trademark Infringement (Violations of 15 U.S.C. §§ 1114 and 1125(a))*

23. Evolution Nutrition realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 22 above.

24. Evolution Nutrition owns a federal registration for the EVOLUTION NUTRITION Mark and common law rights to the Mark dating back to 2009.

25. Defendants' use of EVOLUTION NUTRITION and EVLUTION NUTRITION and above alleged actions constitute the use in interstate commerce of words, terms, names, or false designation of origin that have caused and are likely to

Complaint                               4                    Case

continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the goods and services with Evolution Nutrition or as to the origin, sponsorship, or approval of the goods and services provided by Defendants in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. Defendants' actions also constitute the use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Evolution Nutrition in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use has caused and is likely to continue to cause confusion or mistake, or to deceive, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

27. Defendants knew or should have known of Evolution Nutrition's rights, and Defendants' false designation of origin has been knowing, willful and deliberate, such that the Court should award Evolution Nutrition its attorneys' fees pursuant to 15 U.S.C. § 1117.

28. Evolution Nutrition has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms. Defendants' acts have damaged, and threaten to continue damaging, Evolution Nutrition's reputation and goodwill.

## V.   COUNT TWO

*Trademark Infringement Under California Law*
*(Violation of Cal. Bus. & Prof. Code § 14245)*

29. Evolution Nutrition realleges and incorporates herein by reference the allegations contained in paragraph 1 through 28 above.

30. Defendants' actions constitute the sale, distribution, offering for sale, or advertising of goods or services in the State of California using a reproduction, counterfeit, copy, or colorable imitation of Evolution Nutrition's registered mark which has caused and is likely to continue to cause confusion, mistake or deception as to the source of origin of Defendants' goods or services.

Complaint 5 Case

1   31.   Defendants' actions also constitute the reproduction, counterfeiting, copying, or colorable imitation of the mark and Defendants have applied the reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in the State of California of goods or services.

32.   The acts and conduct of Defendants as alleged above constitute trademark infringement under California Business and Professional Code § 14245.

33.   Defendants knew or should have known of Evolution Nutrition's rights, and Defendants' trademark infringement has been knowing, willful and deliberate.

34.   As a result of Defendants' actions, Evolution Nutrition has been and continues to be damaged in a manner that may not be able to be fully measured or compensated in economic terms.

## VI.   COUNT THREE
*State Statutory Unfair Competition*
*(Violation of Cal. Bus. & Prof. Code § 17200 et seq.)*

35.   Evolution Nutrition realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 34 above.

36.   Defendants' actions constitute violations of at least: § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); § 32 of the Lanham Act, 15 U.S.C. § 1114; and California Business and Professional Code § 14245.

37.   As such, Defendants have engaged in unlawful, unfair or fraudulent business practices or acts as described above, in violation of California Business and Professional Code §§ 17200 *et seq.*

38.   The foregoing acts have damaged and irreparably harmed Evolution Nutrition and will continue to do so if not enjoined.

## VII.   RELIEF REQUESTED

Evolution Nutrition seeks the following relief against Defendants:

1. An order preliminarily and permanently enjoining Defendants, their agents, servants, officers, employees and all persons in active concert of participation with them from (a) using the EVOLUTION NUTRITION and/or EVLUTION NUTRITION marks, and/or any other confusingly similar trademarks, service marks, domain names, trade names, or other source identifiers, in connection with the health, fitness and nutrition field;

2. Judgment in Evolution Nutrition's favor against Defendants for federal and state trademark infringement and state unfair competition;

3. That, pursuant to 15 U.S.C. § 1117, Evolution Nutrition be awarded such damages available under the Lanham Act, including but not limited to, actual damages, statutory damages, Defendants' profits, treble damages, costs of suit and attorneys' fees;

4. That, pursuant to California Business and Professional Code § 17202, Evolution Nutrition be granted an award of restitution.

5. That Evolution Nutrition be awarded such damages, including but not limited to, punitive damages, to which they may show themselves entitled to recover;

6. All other just and proper relief.

## VIII.  JURY DEMAND

Evolution Nutrition demands a trial by jury on all issues so triable.

Dated: July 5, 2017            **PERKINS COIE LLP**

By: *s/ Matthew C. Bernstein*
    Matthew C. Bernstein, Bar No. 199240
    MBernstein@perkinscoie.com
    **Perkins Coie LLP**
    11988 El Camino Real, Suite 350
    San Diego, CA  92130-2594
    Telephone:  858.720.5700
    Facsimile:  858.720.5799

    Attorney for Plaintiff
    Evolution Nutrition, Inc.